is presently seeking to quash service of process on him and to dismiss the action in Ohio. He argues that the Panel should defer ruling on the propriety of transfer of this action until the Ohio court decides his motions to quash service of process and to dismiss. Boucher agrees that if said motions are denied, transfer of this action to the District of Colorado would be most appropriate.

It is clear that the allegations contained in Ohio's complaint raise questions of fact common to those raised in some of the actions already pending in the transferee court. Thus, we perceive no reason to delay transfer of this action under Section 1407. Defendant's argument to the contrary is not persuasive because the transferee court has the power to decide defendant's motions to quash service of process and to dismiss. In re Duarte, California, Air Crash Disaster, 354 F.Supp. 278 (Jud.Pan.Mult.Lit.1973); In re Gypsum Wallboard, 302 F.Supp. 794 (Jud.Pan.Mult.Lit.1969). Indeed, such motions are clearly of a pretrial nature, which are frequently and appropriately decided by a transferee court applying the law as applied by the transferor court. In re Duarte, California, Air Crash Disaster, supra; In re Puerto Rico Air Disaster Litigation, 340 F.Supp. 492 (D.P.R. 1972).

Furthermore, a Section 1407 transfer of this action at this time to the District of Colorado will permit the transferee judge to consider defendant's motions individually or concurrently with other similar motions already before him.[3] Thus, transfer will promote judicial economy and avoid inconsistent adjudications of identical questions of fact or law presented by similar motions in related actions.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled State of Ohio v. A. Rowland Boucher, S.D.Ohio, Civil Action No. C-2-74-173 be, and the same hereby is transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable Sherman G. Finesilver for coordinated or consolidated pretrial proceedings with the previously transferred actions.



---

### In re the TRIAX COMPANY PATENT LITIGATION.

### No. 182.

Judicial Panel on Multidistrict Litigation.
Nov. 26, 1974.

Judicial Panel on Multidistrict Litigation transferred a patent infringement action in Northern District of Illinois to Northern District of Ohio for coordinated or consolidated pretrial proceedings with two pending infringement actions involving same patents in that common questions of fact were involved and transfer would best serve convenience of parties and witnesses and promote just and efficient conduct of litigation.

Order accordingly.

Courts ⊙=277.2
Federal Civil Procedure ⊙=9

Patent infringement action in Northern District of Illinois was transferred by Judicial Panel on Multidistrict Litigation to Northern District of Ohio for coordinated or consolidated pretrial proceedings with two pending infringement actions involving same patents in

---

3. The parties have noted in their briefs that defendant Elliot Keene Wolcott has similar motions pending in State of Ohio v. Crofters, Inc., et al., S.D.Ohio, Civil Action No. 72-138, which has been transferred to the District of Colorado and assigned to Judge Finesilver.

IN RE TRIAX COMPANY PATENT LITIGATION 591
Cite as 385 F.Supp. 590 (1974)

that common questions of fact were involved and transfer would best serve convenience of parties and witnesses and promote just and efficient conduct of litigation. 28 U.S.C.A. § 1407.

---

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III[*], and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

The Triax Company is the owner of four patents, which are intricate elements of an electrical control system utilized in warehouse equipment to automatically discharge and retrieve various storage items. It has commenced three patent infringement actions against three separate defendants: one in the Northern District of Illinois and two in the Northern District of Ohio. Plaintiff alleges that each defendant has infringed and is continuing to infringe at least two of its four patents by manufacturing, utilizing and/or selling automatic warehousing equipment that embodies these patents.

Triax moves the Panel for an order transferring the Illinois action to the Northern District of Ohio for coordinated or consolidated pretrial proceedings with the two similar actions currently pending there. Transfer is opposed by defendants TRW, Inc. and Conco, Inc., but not by defendant Otis Elevator Co. We find that these actions involve common questions of fact and that their transfer to the Northern District of Ohio, pursuant to 28 U.S.C. § 1407, will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiff contends that common factual questions exist because the validity of at least two of the four patents is involved in all of the actions. It urges that transfer under Section 1407 would prevent the danger of inconsistent pretrial rulings and eliminate duplicative discovery on the common issues.

Defendant Hartman Metal Fabricators, Inc.[1] argues that there are no common questions of fact in this litigation because the infringement issues are unique as to each defendant. While defendant Conco generally agrees with defendant Hartman's contention, Conco further avers that its warehousing system controls have been developed at considerable expense and involve proprietary information that should not be available to its competitors via coordinated or consolidated discovery proceedings.

An examination of the pleadings in this litigation reveals that, despite the unique infringement issues, significant common factual questions are raised regarding the validity of these patents. If pretrial proceedings in each action are neither coordinated nor consolidated, inconsistent pretrial rulings and unnecessary duplication of discovery might result. Moreover, defendant Conco's concern that its proprietary information about automatic warehouse system controls would be divulged during the course of coordinated or consolidated pretrial proceedings is unwarranted. Defendant Conco can preserve the confidentiality of its trade secrets by seeking an appropriate protective order from the transferee court.

Regarding the logical transferee court, defendant Conco opposes transfer of its action to Ohio because its witnesses and documents pertaining to the allegedly infringed patents are located in Illinois.

---

[*] Judge Lord was unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

1. Pursuant to a contract between Hartman Metal Fabricators, Inc. and TRW, Inc., Hartman is now obligated to defend TRW in its action and has submitted a brief in opposition to transfer.

Nonetheless, we agree with plaintiff Triax that the most appropriate transferee forum is the Northern District of Ohio, particularly since two of the three actions in this litigation are pending there and because discovery in both actions is proceeding before Chief Judge Frank Battisti. Furthermore, plaintiff Triax is incorporated and doing business in Ohio and most of its relevant witnesses and documents concerning the common factual issues of validity are located in that district. And it is of little consequence that defendant Conco's records and witnesses are located in Illinois because discovery concerning Conco presumably will occur in Illinois regardless of transfer. While the same point can be asserted against plaintiff Triax, it is clear that additional factors favor transfer of the Illinois action to Ohio.

It is therefore ordered that the action entitled The Triax Company v. Conco, Inc., N.D.Illinois, Civil Action No. 74-C-2157, be, and the same hereby is, transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Frank J. Battisti for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions listed on Schedule A that are pending in that district.

### SCHEDULE A

**Northern District of Ohio**

| | |
|---|---|
| The Triax Company v. TRW, Inc. | Civil Action No. C 73-820 |
| The Triax Company v. Otis Elevator | Civil Action No. C 74-528 |

**Northern District of Illinois**

| | |
|---|---|
| The Triax Company v. Conco, Inc. | Civil Action No. 74-C-2157 |